Peter Strojnik, 6464
**STROJNIK, P.C.**
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: *Strojnik@aol.com*
Special Counsel for Plaintiff Strata Title

## IN THE UNITED STATES BANKRUPTCY COURT

## ARIZONA DISTRRICT

| | |
|---|---|
| In Re: | ) NO. 12-bk-24242-DPC |
| | ) |
| Strata Title, LLC | ) **STRATA's SPECIAL COUNSEL'S** |
| | ) **OBJECTION TO SAM PARTIES'** |
| Debtor, | ) **MOTION FOR ALLOWANCE OF** |
| | ) **ADMINISTRATIVE EXPENSE CLAIM** |
| | ) |

## SUMMARY

SAM Parties request allowance of administrative claims based on the Arbitrator's monetary award against John Lupypciw and Santerra Apartments. In their Application (Doc 237) SAM Parties contend that Strata is a "privy" of Mr. Lupypciw for purposes of issue preclusion or collateral estoppel, *Id.* at ¶18, and, therefore, "all issues of fact and law resolved in the [AAA] Proceeding cannot be relitigated by Debtor in this case". They "ask that the amount of damages against Mr. Lupypciw in the Arbitration also be

liquidated as an allowed administrative expense in this case [against Strata]". See Doc 237 at ¶19.

Petitioners make their Application despite Arbitrator's specific ruling that "**NOTHING IN THIS AWARD GRANTS ANY MONETARY DAMAGES AGAINST RESPONDENT STRATA TITLE, LLC**" and "nothing in this award is intended to adversely affect or diminish the value of any property of the bankruptcy estate of Respondent Strata". (Emphasis in original), see Award, Exhibit 1, at section X, pp. 49, 50. The arbitrator declined to award any attorney's fees against Strata.

While SAM Parties argue that Strata, as Mr. Lupypciw's "affiliate" (which it is not), are bound to the *monetary* judgment by virtue of res judicata, just the opposite is true: It is not the SAM Parties who are entitled to the (offensive) use of the res judicata doctrine, it is instead Strata who is entitled to the defensive use of the doctrine to preclude SAM Parties from requesting or recovering any attorney's fees against Strata.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

With respect to the claims against Strata, the Arbitrator found:

> NOTHING IN THIS AWARD GRANTS ANY MONETARY DAMAGES AGAINST RESPONDENT STRATA TITLE, LLC OR IMPAIRS OR DIMINISHES THE VALUE OF ITS BANKRUPTCY ESTATE. To be clear, no monetary relief of any kind is granted against Respondent Strata in this Arbitration Proceeding, and nothing in this award is intended to adversely affect or diminish the value of any property of the bankruptcy estate of Respondent Strata, which has been depleted, if at all, solely by the misconduct of its sole owner, Respondent John Lupypciw. This award should be construed in accordance with this purpose. (Emphasis in original) Exhibit 1 at X, pp. 49-50.

**1. The Offensive Doctrines of Issue Preclusion and Res Judicata Do Not Apply**

The doctrine of "issue preclusion" is a subset of the defense of "res judicata".[1] Res judicata is an affirmative defense that must be pleaded in response to a claim. See ARCP 8(c)[2]. Accord, *Lakin Cattle Co. v. Engelthaler*, 101 Ariz. 282, 419 P.2d 66 (1966) (res judicata is an affirmative defense which must be both pleaded and proved by the party relying on this defense.) Therefore, the offensive use of the defense is inapplicable in Arizona.

///

///

///

---

[1] The terms "claim preclusion" and "issue preclusion" were popularized by the late Professor Allan Vestal of the University of Iowa College of Law. Ruth Bader Ginsburg, *The Work of Professor Allan Delker Vestal*, 70 Iowa L.Rev. 13, 15-16 (1984). Professor Vestal advocated the use of the descriptive terms "claim preclusion" and "issue preclusion" instead of the archaic phrases "res judicata" and "collateral estoppel." Vestal at 6-7. Professor Vestal hoped that the descriptive terms would make the doctrines of res judicata and collateral estoppel more understandable. See Ginsburg at 16.

[2] Rule 8(c) provides:

> In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, **res judicata**, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

**2. No Issues relating to any Potential Claim against Strata were Actually Litigated, and Strata did not Participate in the Defense of Mr. Lupypciw; therefore, the Application of Res Judicata against Strata would be Constitutionally Infirm.**

For collateral estoppel to bar a party from litigating an issue, the issue must have been actually litigated. *In re Giangrasso,* 145 B.R. 319, 322 (B.A.P. 9th Cir.1992); *Garcia v. Gen. Motors Corp.,* 195 Ariz. 510, ¶ 7, 990 P.2d 1069, 1073 (App.1999). This requirement means that preclusion is inappropriate if the parties did not raise the issue in the pleadings, *Gospel Missions of America v. City of Los Angeles,* 328 F.3d 548, 553 (9th Cir.2003), and thus, did not have "a full and fair opportunity to litigate the merits of an issue," *Littlejohn v. United States,* 321 F.3d 915, 923 (9th Cir. 2003). *See also Chaney Bldg. Co. v. City of Tucson,* 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986). "Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Montana,* 440 U.S. at 164 n. 11, 99 S.Ct. at 979 n. 11; *see also State ex rel. Dep't of Econ. Sec. v. Powers,* 184 Ariz. 235, 237, 908 P.2d 49, 51 (App.1995).

Here, *no* issues against Strata were litigated other than the appointment of the receiver. All that was litigated were contract and tort claims against Mr. Lupypciw.

Additionally, a conflict of interest between a non-party and his purported representative forecloses the possibility of privity because a nonparty cannot be adequately represented by a person with whom he is in conflict. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1082 (9th Cir.2003) ("if

*there is no conflict between the organization and its members,* and if the organization provides adequate representation on its members' behalf, individual members not named in a lawsuit *may* be bound by the judgment won or lost by their organization" (first emphasis added)).

Here, Mr. Lupypciw and Strata are in the same conflict as SAM Parties and Mr. Lupypciw. If Mr. Lupypciw harmed SAM Parties (as the arbitrator found), then he also harmed Strata. Thus, there is a conflict between Mr. Lupypciw and Strata and Strata cannot be bound by the Award.

**3. Strata is not Mr. Lupypciw's "Privy".**

Privity "is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *United States v. Schimmels,* 127 F.3d 875, 881 (9th Cir.1997) (internal quotation marks omitted). Because the concept of privity extends the reach of a judicial decision to nonparties and thereby deprives them of their own day in court, due process considerations make adequacy of representation a prerequisite to privity. Indeed, the Supreme Court has repeatedly emphasized that "it would violate the Due Process Clause . . . to bind litigants to a judgment rendered in an earlier litigation to which they were not parties and in which they were not adequately represented." *Richards v. Jefferson County,* 517 U.S. 793, 794, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996); *see also Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 329, 91 S.Ct. 1434, 28

L.Ed.2d 788 (1971) ("Some litigants—those who never appeared in a prior action—may not be collaterally estopped without litigating the issue. They have never had a chance to present their evidence and arguments on the claim. Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position.").

The policy matters considered in *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 330-332, 99 S.Ct. 645, 651-652, 58 L.Ed.2d 552 (1979), involving the offensive use of collateral estoppel, provide guidance in this case. There the court noted that the purpose of collateral estoppel, like res judicata, was to protect a party from being required to relitigate the same issue with the same party or a privy and to promote judicial economy by preventing needless litigation. *Id.* at 326, 99 S.Ct. at 654. It held that the trial court may, in its discretion, allow offensive use of collateral estoppel **where there is no unfairness to the defendant**, and the policy in favor of judicial economy would not be frustrated. *Id.* 439 U.S. at 329-331, 99 S.Ct. at 650-651; *see* <u>United States v. Karlen, 645 F.2d 635</u>, 639 (8th Cir.1981).

So, in the Arbitration, Strata was permitted to participate only – emphasizing ***only*** - with respect to the appointment of the receiver, no more and no less. To allow SAM Parties to transfer the Award against Mr. Lupypciw to Strata would violate *Richards*, *Blonder-Tongue Labs* and *Parklane Hosiery Co*.

Furthermore, parties are in privity for res judicata purposes only if they have "mutual or successive relationships to the same rights or property." *Walka Mountain Camp v. Hartford Acc. & Indem. Co., 222 Ga. 249*, 149 S.E.2d 365, 367 (1966). Thus, the status of a sole member of an LLC does not establish "privity". *Collier v. Greenbrier Developers, LLC*, 358 S.W.3d 195 (Tenn. App., 2009). See also *Anderson Oil Co.*, 246 Ga. at 306 (2), n. 6 (corporations and corporate officers are not in privity for res judicata and collateral estoppel purposes) and *Williams v. Peabody*, 719 S.E.2d 88 (N.C. App., 2011) (The mere fact that one is a shareholder or officer of a corporation is not sufficient to establish privity for purposes of *res judicata* between the shareholder or officer and the corporation.)

Strata is not Mr. Lupypciw's "privy".

**4. Strata is Entitled to Assert the Defense of Res Judicata with Respect to Arbitrator's Denial of Attorney's Fees against Strata.**

It is undisputed that SAM Parties obtained a lift of stay for the purposes of appointing a receiver and, indeed, the Arbitrator appointed the receiver. It is likewise undisputed that the Arbitrator had jurisdiction to award attorney's fees pursuant to A.R.S. § 12-341.01 since the appointment of the receiver arose out of the Operating Agreement. The issue whether SAM Parties are entitled to an award of fees against Strata is, therefore, res judicata.

///

///

## CONCLUSION AND PRAYEF FOR RELIEF

Strata respectfully requests that the Court deny SAM Parties' Application and to award Strata's Special Counsel's attorney's fees incurred as a result of SAM Parties' Application.

RESPECTFULLY SUBMITTED this 5TH day of November, 2013.

**STROJNIK, P.C.**

/s/

_____
By: Peter Strojnik
Special Counsel for Plaintiff Strata Title LLC

The original e-filed with the Court and distributed to interested parties though the PACER system.